SHUMATE

*v.*

WILLIAMS *et al.*

(*Supreme Court of Appeals of Virginia, Aug. 1, 1895.*)

[22 S. E. Rep. 808.]

**Judicial Sales—Failure of Commissioner to Give Bond—Liability of Purchaser.***

Where a commissioner to sell land is required, by the order of sale, to execute a bond before receiving any money from the sale, and fails to give such bond, a purchaser at the sale, who pays money to said commissioner, does so at his own risk; and he is not exonerated from liability for the money so paid by reason of the fact that the commissioner was attorney for the judgment creditor.

Appeal from circuit court, Giles county; Williams, Judge.

Bill by John T. Shumate, executor, against John Williams and others. Defendants had decree, and plaintiff appeals. Reversed.

*Johnson & Taylor,* for appellant.

*Williams & Porterfield,* for appellees.

KEITH, P., delivered the opinion of the court.

This was a bill brought by the testator of the appellant, in the circuit court of Giles county, to subject certain real estate

---

*See foot-note to Hess *v.* Rader, 26 Gratt. 746 (Va. Rep. Anno.); foot-note to Lloyd *v.* Erwin, 29 Gratt. 598 (Va. Rep. Anno.); also, monographic note on "Judicial Sales" appended to Walker *v.* Page, 21 Gratt. 636 (Va. Rep. Anno.).

of the appellees to the payment of the judgments binding thereon. There was a decree for a sale of the land in the bill mentioned, and George W. Easley was appointed commissioner. He returned his report of sales, which was duly confirmed by the decree of June 4, 1885, and he was directed to collect the purchase money for the land sold as the bonds therefor fell due, and, out of the money so collected, to pay first the costs of suit, and the residue to the lien creditors of John Williams, according to their priorities as shown in the report of Master Commissioner James B. Peck, filed in the cause. The decree directs that, "before receiving any money under this decree, the said Easley shall execute bond before the clerk of the court, with security to be approved by him, in the penalty of $8,000.00, conditioned for the faithful discharge of his duties as receiver." The commissioner failed to give the bond, as required, but proceeded to collect the purchase money, and died insolvent, having a balance in his hands due to the executors of John T. Shumate. An amended bill was filed, to which the administrators of Easley were made parties, and the commissioner in chancery was ordered to settle the accounts of George W. Easley as receiver.

A good deal of testimony was taken before the commissioner, which shows that George W. Easley was the attorney for John T. Shumate in his lifetime, that he sued for and obtained the judgments at law for John T. Shumate, and that, as such attorney, he filed a bill in chancery to subject the lands of the judgment debtor to sale. It does not appear that John T. Shumate had any notice that George W. Easley had failed to give the bond required by law and by the decree of the court under which he acted, and we do not think that the mere fact that he was the attorney for the plaintiff, as well as commissioner, is sufficient to exonerate the purchaser from his duty to see that George W. Easley had executed the bond required of him. Until that bond was executed, Williams had no right to pay, and Easley had no right to receive, the purchase money

for the land sold under the decree in this cause; and he could, therefore, give no sufficient acquittance to Williams, and any money paid by Williams was paid at his own risk. We consider that this case is controlled by Hess v. Rader, 26 Grat. 746, and Lloyd v. Erwin, 29 Grat. 598, and that the purchaser is not exonerated from liability for the money paid by him to the commissioner by reason of the fact that the commissioner was the attorney for the judgment creditor, especially as the judgment creditor does not appear to have had notice of the failure of the commissioner to execute the required bond, and cannot, therefore, be supposed to have given credit and indulgence to him in his capacity as attorney merely, but is presumed, in the absence of proof to the contrary, to have relied upon the due execution of the bond as required by law. We are, however, of opinion that the purchasers are entitled, as against the executors of John T. Shumate, to a credit for whatever may be found due to George W. Easley on a statement of accounts between the estates of John T. Shumate and George W. Easley. For the reasons stated, the decree complained of should be reversed.